**UNITED STATES of America, Appellee**

v.

**Corey FLEURY, Jeffrey Bryson, Theresa Tucker, Defendants**

**Edward Tucker, Defendant–Appellant.**

**No. 08–1659–cr.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2009.

Elizabeth S. Riker, Assistant United States Attorney (Richard R. Southwick, Assistant Untied States Attorney, on the brief) for Andrew T. Baxter, United States Attorney, Northern District of New York, for Appellee.

Marshall A. Mintz, for Defendant–Appellant.

PRESENT: ROBERT D. SACK, DEBRA ANN LIVINGSTON, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Edward Tucker challenges a March 28, 2008 judgment of conviction in the district court sentencing him to concurrent terms of 151 months' imprisonment on his guilty plea to conspiring with others to distribute and possess with intent to distribute 100 kilograms or more of marijuana, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 120 months' imprisonment upon each of his guilty pleas to possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possessing ammunition after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); retaliating against a federal witness in violation of 18 U.S.C. §§ 1513(b)(2) and 2; and concealment money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. Tucker argues that his sentence must be vacated and his case remanded because he did not admit during his plea proceedings that his drug conspiracy involved at least 100 kilograms of marijuana, a required element. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). In determining whether a Rule 11 violation has occurred and in assessing its effect, this Court considers the entire record. *United States v. Torrellas,* 455 F.3d 96, 103 (2d Cir.2006); *United States v. Maher,* 108 F.3d 1513, 1521 (2d Cir. 1997). "The court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades,* 169 F.3d 131, 136 (2d Cir.1999). Where an appellant fails to object to an alleged Rule 11 error before the district court, we review for plain error, meaning that "the defendant must demonstrate, *inter alia,* that (1) there was error, (2) the error was plain, [and] (3) the error prejudicially affected his substantial rights." *Torrellas,* 455 F.3d at 103 (internal quotation marks omitted, alteration in original); *see also United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Thomas,* 274 F.3d 655, 660 (2d Cir.2001) (in banc) (Failure "to submit the question of drug type and quantity to the jury is subject to plain error review."). To carry his burden of showing that a violation affected substantial rights, the appellant must establish that there is a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval,*

404 F.3d 144, 151 (2d Cir.2005) (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). "Where these conditions are met, 'an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 151 (quoting *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

Tucker did not allocute to a specific quantity of marijuana at the time he entered his plea, nor did the prosecutor specify the quantity of marijuana that Appellant had possessed or distributed during the course of the conspiracy. The Government did state, however, that the Appellant's co-defendant, Corey Fleury, had supplied Tucker with approximately $28,000 worth of marijuana two times per month for about two years preceding his arrest (a fact from which some inference as to quantity might be inferred) and that Tucker then sold this marijuana to local dealers and customers in the Rome, New York area. Both the Appellant and his attorney agreed, in substance, that this figure and the larger factual recitation of which it was a part was a "fair statement" of what had happened. Tucker affirmed, moreover, that he had read the indictment (which alleges that the quantity of marijuana involved in the conspiracy exceeded 100 kilograms) and that he had discussed the charges with his attorney and fully understood them. The maximum penalties for a conspiracy involving at least 100 kilograms were placed on the record. Tucker averred that he understood the penalties that could be imposed and that he still wished to plead guilty.

Tucker raised no Rule 11 objection during the plea proceedings and he did not subsequently move to withdraw his plea.

He did later file a sentencing memorandum that states, in relevant part, that his plea "omits any reference to the amount of drugs involved." At sentencing, however, the district court asked Appellant's counsel whether he objected to a finding of drug quantity of 100 kilograms. Counsel responded, "Your Honor, I believe that's an accurate number." The district court concluded that the applicable Guidelines range was 262 to 327 months' imprisonment before imposing a sentence substantially below that range.

We have held that, "[w]here a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the [Rule 11 violation], he would not have entered the plea, and the plain error standard is not met." *Vaval,* 404 F.3d at 152 (internal quotation marks omitted). *See also Dominguez Benitez,* 542 U.S. at 85, 124 S.Ct. 2333 (noting that statements made at sentencing hearing are relevant to plain error analysis). Tucker attempts to avoid this case law by arguing that he raises no challenge to his plea at all, but only to the purported illegality of the 151–month sentence—a sentence he alleges was unlawful on the theory that his allocution, absent any admission as to quantity, supported only a conviction pursuant to 21 U.S.C. § 841(b)(1)(D), for which a ten-year maximum sentence is prescribed.

This argument is unavailing. Tucker relies on *United States v. Gonzalez,* 420 F.3d 111 (2d Cir.2005), and *United States v. Yu,* 285 F.3d 192 (2d Cir.2002). In both of those cases, however, the defendants, unlike Tucker, contested and explicitly refused to allocute to the charged drug quantity throughout their plea proceedings. *See Gonzalez,* 420 F.3d at 116–17; *Yu,* 285 F.3d at 195. Moreover, in the intervening

period between the defendants' pleas and their sentencings in those cases, the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), made clear that facts increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, which this Court subsequently held to encompass drug quantities in the context of the enhanced penalty provisions of 21 U.S.C. § 841. *See Thomas,* 274 F.3d at 660. Given the defendants' unwillingness to allocute to the quantity of drugs involved in their offenses, both cases raised the question whether the defendants would have pleaded guilty had they understood that drug quantity was an element that must be proved beyond a reasonable doubt. Indeed, Gonzalez had unsuccessfully attempted to withdraw his plea on *Apprendi* grounds. *See Gonzalez,* 420 F.3d at 118–19.

Here, in contrast, Tucker cannot claim to have been affected by any such confusion. He expressly affirmed that he had read the indictment, which specifically avers that "[t]he quantity of marijuana involved in the conspiracy ... exceeded 100 kilograms"; he acknowledged that his attorney had gone over each charge with him and that he understood them all; and the penalties for a conspiracy involving at least 100 kilograms of marijuana were placed on the record and Tucker stated that he understood them. Given these circumstances and the facts to which Tucker did allocute, it is clear that he unequivocally pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and not to some lesser crime. As Tucker indicated via his own sentencing memorandum, the law regarding which facts must be submitted to a jury was clear at the time of his plea, yet he made no effort to withdraw it. Tucker has established neither plain error

in his Rule 11 proceeding nor any illegality in the sentence imposed as a result.

We have considered all of Tucker's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.